UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-611-S

**CONNIE MARSHALL**                                                                                          **PLAINTIFF**

**v.**

**MARK YATES** *et al.*                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action in which she alleges that Defendants have "conspired to commit a hate crime." Plaintiff has also filed an application to proceed without prepayment of filing fees, which the Court will grant. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed for failure to state a claim.

### I. SUMMARY OF COMPLAINT

Plaintiff alleges that in April 2004, Defendants Will Beard, Wilma Wilke and Mark Yates "conspired to commit a hate crime and discussed killing [her] by taking her to Bardstown, contacting the KKK, having a Bonfire and leaving [her] dead in a house in Bardstown." Plaintiff further alleges that in May 2004 she was "assaulted three times by [Defendant] Tyler Stone by having a substance thrown on her three times which burned her skin, distorted her features and caused excessive itching." On a separate occasion she states that "bugs were thrown in [her] hair, which resulted in a pharmacy visit." Plaintiff concludes that "Defendants have violated federal law and [she] seeks damages" in the amount of fifty million dollars against Defendants.

## II.  ANALYSIS

Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff states only that Defendants have "violated federal law."  She does not identify a single federal statute or Constitutional provision that has allegedly been violated.  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff has not identified any specific federal statute entitling her to relief, her complaint fails to state upon which relief may be granted. The Court further notes that to the extent Plaintiff is attempting to hold Defendants liable for violating or conspiring to violate any federal hate crimes statutes, Plaintiff does not have available to her a private cause of action. *Hastey v. Bush*, No. 5:03-CV-0088-C2003, U.S. Dist. LEXIS 17948 (N.D. Tex. Oct. 6, 2003) ("Plaintiff does not have available to him a private cause of action under any federal 'hate crimes' statutes."). Consequently, Plaintiff's complaint fails to state any claim upon which relief can be granted, and therefore, must be dismissed on initial review.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:	Plaintiff, *pro se*
	Defendants
4411.008