**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06-CV-611-S**

**CONNIE MARSHALL**                                                                                      **PLAINTIFF**

v.

**MARK YATES** *et al.*                                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

      Plaintiff has filed a motion for recusal of the undersigned judge (DN 6), a document simply styled "memorandum" (DN 7), and a motion for reconsideration of the Court's order dismissing this action (DN 8). Each is addressed below.

      **1.**     **Motion for Recusal (DN 6).** Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Plaintiff complains that recusal is required because the undersigned judge has ruled against her numerous times in the past. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff also states that recusal is necessary because she has sued this judge and others in a separate putative class action and has filed a complaint against this judge with the judicial council. Again, these are insufficient bases for recusal. "The mere fact that [this judge] may be one of the numerous federal judges that [Plaintiff] has filed suit against is not sufficient to establish that [his] recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). To hold otherwise "would allow litigants to judge shop by

filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005). Moreover, "[t]he filing of the judicial complaint should not serve as a basis for recusal on the underlying case . . . ; a litigant may not 'create the ground on which he seeks the recusal of the judge assigned to his case.'" *Woodruff v. McLane*, No. 7:04-cv-96 (HL), 2006 U.S. Dist. LEXIS 87013 (M.D. Ga. Nov. 29, 2006) (quoting *Sullivan v. Conway*, 157 F.3d 1092, 1096 (7th Cir. 1998)). The Court is throughly convinced that there is no valid basis for recusal of the undersigned judge under either 28 U.S.C. § 144 or § 455, and therefore, Plaintiff's motion (DN 6) is **DENIED.**

    2.    **Memorandum (DN 7).** The Court is perplexed as to the Plaintiff's intent in filing this document. The body of the document is virtually identical to her complaint. It is simply styled "memorandum" instead of "complaint." The complaint was dismissed for failure to state a claim. That dismissal stands. Plaintiff is advised that no further action will be taken on her memorandum (DN 7).

    3.    **Motion for Reconsideration (DN 8).** The Federal Rules of Civil Procedure do not provide for motions for reconsideration, however, because Plaintiff's motion was filed within ten days of the Court's dismissal order, the Court will construe it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) (DN 8). Motions to alter or amend under Fed. R. Civ. P. 59(e) are generally granted for four principal reasons: (1) if there is a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such motions are extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). Moreover, parties may not use

Rule 59(e) to re-argue issues previously presented.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").

The Court previously dismissed Plaintiff's complaint for failure to state a claim.  In the present motion, she has merely submitted arguments previously considered and rejected by this Court.  Accordingly, Plaintiff's motion to alter or amend (DN 8) is **DENIED**.

Date:




cc:     Plaintiff, *pro se*
        Defendants
4411.008